May Term,
1850.
_____
MITCHELL
v.
JONES.

Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

J. A. Matson, for the plaintiffs.

G. Holland, for the defendant.

## MITCHELL and Others v. JONES.

Bill in chancery presenting the following facts : In 1836 A. executed to B. a bond binding himself to execute to the latter, in 1838, a deed for certain land, and acknowledging the receipt of the purchase-money. Prior to this, A. had sold and conveyed the land to C., taking his notes for the purchase-money, secured by mortgage. C. paid the first note, and A. obtained judgment on the second, which was unsatisfied. C. made improvements. A. assigned the mortgage to D. as an indemnity for becomi██ ██. on a certain note for 500 dollars. E. and F. obtained a██ inst C., and the sheriff sold the land to D., on execution, eed, and he took possession. D. paid 230 dollars of A.'s debt, ██ mortgage to him is a security but for 300 dollars, being the value of the property. A. and C. are insolvent. The Court decreed that D. should pay B. 72 dollars and 64 cents; that the equity of redemption be foreclosed, and B. recover costs of D. Held, that the decree was erroneous ; that the bill could not be sustained either as one for a specific performance, or for the delivery up and cancellation of the mortgage, or as a bill to redeem the mortgage, or as a creditor's bill.

Tuesday,
May 28.

APPEAL from the Dearborn Circuit Court.

PERKINS, J.—Bill in chancery by William Jones against Elijah Mitchell, John Ritchey, and John Thompson. The case presents the following facts :

On the 7th of August, 1836, said Mitchell executed to Jones, the plaintiff, a sealed instrument, binding himself, for and in consideration of 700 dollars in hand paid, to convey to Jones, on the 1st day of September, 1838, the entire title, in fee simple, to a certain part of a lot in the town of Greensburg, Decatur county, Indiana.

On the 24th of July, 1833, Mitchell had sold the same ground, and conveyed it in fee simple to John Ritchey, for the consideration of 500 dollars, payable in five annual instalments, evidenced by promissory notes, and secured by mortgage on the ground sold. The mortgage was

duly recorded. *Ritchey* paid the first of said notes. On the second, *Mitchell* obtained judgment in his own name, which judgment is still unsatisfied. *Ritchey* made improvements on the ground of at least 50 dollars in value.

On the 25th of *November*, 1834, *Mitchell* assigned his mortgage from *Ritchey* to *John Thompson*, as an indemnity to him for becoming surety for said *Mitchell* on, a note of over 500 dollars to one *Sally Hurd*.

On the 8th of *October*, 1834, *Rhinehard* and *Son* obtained a judgment in the *Decatur* Circuit Court against *Ritchey*. On the 6th of *April*, the sheriff of *Decatur* county sold the part of the lot in question, by virtue of an execution against *Ritchey* on the judgment of *Rhinehard* and *Son*, to *John Thompson* for 5 dollars, and executed to him a deed for the same, and *Thompson* took possession.

*Thompson* has paid about 230 doll▓▓ ▓▓ ▓▓the *Mitchell* debt to *Sally Hurd*, and the mortgage ▓▓▓ *Mitchell* is a security to him for but 300 dollars, that being the value at present of the ground covered by it.

After the rendition of the judgment in favor of *Rhinehard* and *Son* against *Ritchey*, he and *Thompson* verbally agreed that the bargain between them for the part of the lot should be rescinded, and that *Ritchey* should re-convey the same to *Mitchell*, and the latter surrender the notes and mortgage to the former. This agreement was never executed, and amounts to nothing.

*Mitchell* and *Ritchey* are insolvent. *Jones* paid to *Mitchell* the purchase-money for the part of the lot in controversy before filing this bill. Upon these facts *Jones*, the plaintiff, prayed for general relief.

The Court decreed that *Thompson* should pay him 72 dollars and 64 cents; that the equity of redemption of *Ritchey* and *Mitchell* should be foreclosed; and that *Jones* should recover costs of *Thompson*.

This decree cannot be upheld, nor the bill sustained.

The bill cannot be supported as one for a specific performance, because the facts show that *Mitchell*, from whom alone the plaintiff holds any obligation for a title, has none himself, and can convey none to the plaintiff.

No Court of Equity can compel *Ritchey* or *Thompson* to convey land to *Mitchell*, simply to enable him to fulfill his contract with *Jones*. As against *Mitchell*, the plaintiff's only remedy is an action at law on his bond; and so the Court below seems to have considered.

It cannot be sustained as a bill for the delivery up and cancellation of the mortgage, for this plaintiff has no title to the land incumbered by it, and can procure none, and hence has no interest in it that will enable him to ask it to be cleared of incumbrance. It cannot be upheld as a bill to redeem said mortgage, for the plaintiff has no right, title, or interest in it. The mortgage was never assigned to him legally or equitably. Nor do we think it can be sustained as a creditor's bill. It is true that *Jones*, by paying the purchase-money to *Mitchell*, for ground to which he cannot get a title, is, in some sort, *Mitchell's* creditor; but still this case does not fall within those in which a creditor has a right to go into equity to subject equitable interests to the payment of the debt due him. See the cases cited in *Shirley* v. *Shields*, 8 Blackf. 273. (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test* and *A. Davison*, for the appellants.

(1) BLACKFORD, J., was absent.